**Frank E. JAMESON, Petitioner,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

No. 90–4494.

United States Court of Appeals,
Fifth Circuit.

April 10, 1991.

Angela A. Zbranek, J.C. Zbranek, C.T. Hight, Zbranek & Hight, Liberty, Tex., for petitioner.

Colleen B. Bombardier, John P. Parker, Hoyl L. Robinson, Exec. Secty., FDIC, Washington, D.C., for respondent.

Before CLARK, Chief Judge,
WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

### I.

Frank Jameson appeals the Federal Deposit Insurance Corporation's (FDIC) order removing him from his position with First State Bank of Liberty, Texas (Bank) and prohibiting him from participating in the affairs of an insured depository institution. We affirm.

### II.

The FDIC sought to remove Jameson from his position with the Bank and prohibit his affiliation with an insured institution pursuant to § 8(e)(1) of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1818(e)(1). The charges stemmed from Jameson's falsification of Bank records to conceal a bonus he was given by the Bank's president. The ALJ found that the FDIC did not have jurisdiction over Jameson because Jameson had resigned from his position with the Bank and was not a person "participating in the affairs" of the Bank within the meaning of the FDIA at the time he was served notice of the charges. While Jameson's case was pending review by the FDIC, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), which extended the FDIC's jurisdiction over individuals who are no longer affiliated with an insured institution. FIRREA

§ 905(a); 12 U.S.C. § 1818(i)(3). The FDIC concluded that FIRREA retroactively conferred jurisdiction over Jameson and found that Jameson's conduct constituted unsafe and unsound banking practices and a breach of his fiduciary duty to the Bank. The FDIC excluded Jameson from affiliation with an insured institution for three years.

### III.

Jameson appeals to this court, claiming that the FDIC erred in concluding that FIRREA's enlarged jurisdiction applies to cases pending at the time FIRREA was enacted. He also claims that the FDIC erred in finding that the falsification of the Bank's records was an unsafe and unsound banking practice and a breach of his fiduciary duty. James is mistaken on both claims.

■ The FDIC correctly determined that FIRREA gives the FDIC enhanced jurisdiction over individuals who are no longer affiliated with an insured depository institution and that this enlarged jurisdiction applies to pending cases. Sec. 905(a) of FIRREA states:

(3) Notice under this section after separation from service.

The resignation, termination of employment or participation, or separation of an institution-affiliated party (including a separation caused by the closing of an insured depository institution) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under this section against any such party, if such notice is served before the end of the 6–year period beginning on the date such party ceased to be such a party with respect to such depository institution (*whether such date occurs before, on, or after August 9, 1989*) (emphasis supplied).

This language indicates that FIRREA enlarged the FDIC's jurisdiction over individuals who are no longer affiliated with an insured institution. The statute's amended procedure makes no exception for pending cases. The legislative history Jameson relies on to impliedly assert the contrary does not affect the plain language of the enactment. We also defer to the reasonable interpretation applied to it by the FDIC. *Chevron U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

■ Likewise, the FDIC correctly found that Jameson engaged in unsafe and unsound banking practices and breached his fiduciary duty to the Bank. It is uncontroverted that Jameson falsified the Bank's records to conceal his bonus from other Bank officials. The FDIC's conclusion that this falsification compromised the integrity of the Bank's records and constituted an unsafe and unsound banking practice as well as a breach of fiduciary duty, is supported by substantial evidence on the record as a whole. *Bank of Dixie v. Federal Deposit Ins. Corp.*, 766 F.2d 175, 178 (5th Cir.1985).

### IV.

The FDIC's order is AFFIRMED.